IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BETH HOLCOMBE,                                          :
                                                        :
    Plaintiff,                         :
                                                        :        CIVIL ACTION FILE
v.                                                      :
                                                        :        NO. _____
COASTAL AREA COLLECTIONS, INC.,       :
                                                        :
    Defendant.                         :
_____   :

**COMPLAINT FOR DAMAGES**

**CERTIFICATE OF INTERESTED PARTIES
PURSUANT TO S.D.Ga. LR 3.2**

1.    Plaintiff's counsel certifies that the following is a full and complete list of

the parties in this action:

    BETH HOLCOMBE,                           Plaintiff,

    COASTAL AREA COLLECTIONS, INC.       Defendant,

The undersigned further certifies that the following is a full and complete

list of officers, directors, or trustees of the above-identified parties:

    Defendant's only known officer is Judy B. Lemmond.

- 1 -

The undersigned further certifies that the following is a full and complete list of other persons, firms, partnerships, corporations, or organizations that have a financial interest in, or another interest which could be substantially affected by, the outcome of this case (including a relationship as a parent or holding company or similar relationship):

The parties and their respective counsel are the only interested parties known by Plaintiff at this time.

## INTRODUCTION

2.    This is an action for damages against the Defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## SUBJECT MATTER JURISDICTION

3.    Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

4.  Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

5.  Defendant COASTAL AREA COLLECTIONS, INC. is a corporation organized under the laws of the State of Georgia.  [Hereinafter, said Defendant is referred to as "COASTAL."]

6.  COASTAL is subject to the jurisdiction and venue of this Court.

7.  COASTAL may be served by personal service upon its registered agent in the State of Georgia, to wit: Judy B. Lemmond, 1731 First Street, Brunswick, Georgia 31520.

8.  Alternatively, COASTAL may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the State of Georgia.

## FACTS COMMON TO ALL CAUSES

9.  Defendant uses the mails in its business.

10.  Defendant uses telephone communications in its business.

11.  The principle purpose of Defendant's business is the collection of debts.

12.  Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

13.  Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

14.  In the course of attempting to collect a debt allegedly incurred by Plaintiff for personal or household purposes to a business not a party to this litigation, Defendant violated the Federal Fair Debt Collection Practices Act.

15.  In or around January 2010, COASTAL made a series of telephone communications to Plaintiff.

16.  In these telephone communications, COASTAL did not meaningfully disclose its identity.

17.  In these telephone communications, COASTAL did not state that the communications were from a debt collector.

18.  In these telephone communications, COASTAL did not state that the communications were an attempt to collect a debt.

19.  Defendant's communications violate the Fair Debt Collection Practices Act.

20.  Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

21.     The acts of Defendant constitute violations of the Fair Debt Collection

Practices Act.

22.     Defendant's violations of the FDCPA include, but are not limited to, the

following:

23.         The placement of telephone calls without meaningful

disclosure of the caller's identity, in violation of 15 U.S.C. §

1692d(6);

24.         The use of any false, deceptive, or misleading representations

or means in connection with the collection of any debt, in

violation of 15 U.S.C. § 1692e; and

25.         The failure to make the disclosures required by 15 U.S.C. §

1692e(11).

26.     As a result of Defendant's actions, Plaintiff is entitled to an award of

statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT

JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF

PLAINTIFF, AS FOLLOWS:

a)    That Plaintiff be awarded statutory damages;

b)    That Plaintiff be awarded the expenses of litigation including a

reasonable attorney fee;

c)    That the Court declare each and every defense raised by Defendant to

be insufficient; and

d)    That the Court grant such further and additional relief as is just in the

circumstances.

Respectfully submitted,


 s/ Kris Skaar
Kris Skaar
Georgia Bar No. 649610
SKAAR & FEAGLE, LLP
P.O. Box 1478 ! Marietta, GA 30061-1478
331 Washington Avenue ! Marietta, GA  30060
voice (770) 427 - 5600 ! fax (770) 427 - 9414
krisskaar@aol.com

**ATTORNEY FOR PLAINTIFF**